IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURALEE EMMA LOPEZ,

       Plaintiff,

v.                                                                                                                                              CV 18-0242 MV/JHR

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

       Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Plaintiff Lauralee Emma Lopez' Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 16], filed July 27, 2018. Pursuant to 28 U.S.C. § 636(b), this matter has been referred to the undersigned Magistrate Judge for a recommended disposition. [Doc. 17]. Having studied the parties' submissions, the relevant law, and the relevant portions of the Administrative Record ("*AR*"),[1] the Court recommends that Ms. Lopez' Motion be **granted** for the reasons set forth below.

**I)**     **INTRODUCTION**

The Commissioner sought the expertise of a consultative mental examiner when deciding (and ultimately denying) Ms. Lopez' claim. This consultative examiner assessed several moderate mental limitations that would affect Ms. Lopez' work-related mental functioning. The Commissioner's Administrative Law Judge ("ALJ") gave these findings "great weight" yet omitted them from Ms. Lopez' residual functional capacity ("RFC"), without explanation. However, case law is clear that the Commissioner may not omit uncontroverted moderate mental

---

[1] Documents 17 and 17-1 comprise the sealed Administrative Record. The Court cites to the Record's internal pagination, rather than CM/ECF document and page number.

1

limitations identified by a psychiatrist or psychologist when formulating a claimant's RFC. As such, the Court has no choice but to recommend that the Commissioner's decision in this case be reversed and remanded for further administrative review. This is not to say that Ms. Lopez deserves benefits. On remand the Commissioner may still conclude that she retains the RFC to perform work which exists in the national economy. However, without the correct analysis, the Court cannot confidently say that Ms. Lopez' RFC should not be more restrictive than was found here.

**II) BACKGROUND**

Ms. Lopez filed an application with the Social Security Administration for disability insurance benefits under Title II of the Social Security Act on January 22, 2015. *AR* at 190-196. As grounds, Ms. Lopez alleged back problems, depression, and a blood infection. *AR* at 220. Ms. Lopez alleged that her conditions became severe enough to keep her from working on December 19, 2014. *AR* at 220. The Administration denied Ms. Lopez' claim initially and upon reconsideration, and she requested a *de novo* hearing before an ALJ. *AR* at 93-134.

ALJ Raul Pardo ("the ALJ") held an evidentiary hearing on February 15, 2017. *AR* at 61-92. On April 19, 2017, the ALJ issued an unfavorable decision, finding that Ms. Lopez has not been under a disability from her alleged onset date through the date of his decision. *AR* at 44-56. In response, Ms. Lopez filed a "Request for Review of Hearing Decision/Order" on April 21, 2017. *AR* at 187-189. After reviewing her case, the Appeals Council denied Ms. Lopez' request for review on January 12, 2018. *AR* at 1-6. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). This Court now has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

A claimant seeking disability benefits must establish that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4).[2]

At Step One of the sequential evaluation process, the ALJ found that Ms. Lopez has not engaged in substantial gainful activity since her alleged onset date. *AR* at 46. At Step Two, he determined that Ms. Lopez has the severe impairments of "status post blood infection, status post vertebral osteomyelitis, obesity, and depression." *AR* at 46. At Step Three, the ALJ concluded that Ms. Lopez' impairments, individually and in combination, do not meet or medically equal the regulatory "listings." *AR* at 47-49. Ms. Lopez does not challenge these findings on appeal. [*See* Docs. 16, 20].

When a claimant does not meet a listed impairment, the ALJ must determine her residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. "RFC is not the *least* an individual can do despite his or her limitations or

---

[2] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016):

> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulation.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that Ms. Lopez retains the RFC to:

> lift and/or carry twenty pounds occasionally and ten pounds frequently. The claimant can stand and/or walk for six hours out of an eight-hour workday with normal breaks. The claimant can sit for six hours out of an eight-hour workday with normal breaks. The claimant can push and/or pull twenty pounds occasionally and ten pounds frequently. She can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She can only occasionally balance and stoop. She is limited to simple, routine tasks. Any time off task can be accommodated by normal breaks. I find that these limitations represent a limited range of work at the light exertional level as defined in 20 CFR 404.1567(b).

*AR* at 49.

Employing this RFC at Steps Four and Five, and relying on the testimony of a Vocational Expert ("VE"), the ALJ determined that Ms. Lopez is unable to return to her past relevant work as a customer service representative or a child monitor. *AR* at 54. However, the ALJ determined that there is work that Ms. Lopez can perform that exists in the national economy, despite her limitations. *AR* at 55. Specifically, the ALJ determined that Ms. Lopez retains the functional capacity to work as an office helper or a hand presser. *AR* at 55. Accordingly, the ALJ determined that Ms. Lopez is not disabled as defined in the Social Security Act and denied benefits. *AR* at 56.

### III) LEGAL STANDARDS

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "[T]he agency's 'failure to apply the correct legal standards, or to show us that it has done so' is 'grounds for reversal.'" *Bryant v. Comm'r, SSA*, ---

F. App'x, ----, 2018 WL 6133387, at *2 (10th Cir. Nov. 23, 2018) (unpublished) (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

**IV) ANALYSIS**

In addition to the issue of whether the Commissioner erred in omitting moderate limitations identified by consultative examiner Shari Spies, Psy.D., from her RFC, Ms. Lopez raises a number of issues related to the ALJ's RFC finding. [*See generally* Doc. 16]. Because the Court agrees that the ALJ erred as a matter of law by omitting the moderate impairments identified by Dr. Spies when formulating Ms. Lopez' RFC, it will not address her other claims of error, "because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bryant*, 2018 WL 6133387, at *5 (citing *Watkins* for this proposition).

At the Administration's request, Shari Spies, Psy.D., performed a mental status examination of Ms. Lopez on March 18, 2015. *See AR* at 735-737. Dr. Spies interviewed Ms. Lopez, taking her mental health history and noting her mental status and behavioral observations. *See AR* at 736. Dr. Spies diagnosed Ms. Lopez with "Major Depressive Disorder Recurrent" and a Global Assessment of Functioning ("GAF") score of 45. Pertinent here, Dr. Spies concluded that Ms. Lopez' "ability to carry out instructions is moderately limited. Her ability to attend and concentrate is moderately limited. [And Ms. Lopez'] ability to work without supervision is moderately limited." *AR* at 736-737. After reviewing the medical evidence in Ms. Lopez' file, the ALJ gave Dr. Spies' opinion "great weight," because "it is fully supported by here (sic) clinical findings and is consistent with the totality of the medical evidence." *AR* at 52.

Ms. Lopez' argument is a narrow, but ultimately persuasive, one. Relying primarily on *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), she argues that the ALJ failed to limit her

RFC in accord with the moderate limitations Dr. Spies identified, despite giving her opinion "great weight." [*See* Doc. 16, pp. 21-22]. Instead, she posits, the ALJ's RFC finding "has **no** limitations in ability to carry out instructions, in ability to attend and concentrate, and in ability to work without supervision." [*Id.*, p. 22 (emphasis in original)]. The Commissioner does not disagree that the ALJ did not parrot the moderate limitations identified by Dr. Spies. [*See* Doc. 19, pp. 10-12]. Instead, relying on *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016), and *Nelson v. Colvin*, 655 F. App'x 626, 628-29 (10th Cir. 2016), she argues that "the ALJ did what he was charged with doing when he translated Dr. Spies's (sic) opined moderate limitations into concrete work-related abilities, and found that Plaintiff could perform only simple, repetitive tasks." [*Id.*, p. 11]. The Court finds that Ms. Lopez has the more persuasive argument in this case.

Under *Haga*, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). That is, however, precisely what the ALJ appears to have done in this case by giving great weight to Dr. Spies' opinion but then omitting her findings of moderate limitations in Ms. Lopez' RFC. The facts of *Haga* prove instructive. There, the Tenth Circuit was faced with an uncontradicted opinion of a "consulting mental health professional" who indicated that the claimant was moderately impaired in seven out of ten functional categories. *Id.* at 1207. The ALJ's RFC finding reflected some of these moderate impairments; however, it omitted others without explanation. *Id.* The court found this to be in error, as the ALJ there "appeared to accept that a moderate impairment was not the same as no impairment at all." *Id.* at 1208. Thus, the court held that the ALJ was required to explain the evidentiary support for his RFC determination. *Id.*

The Tenth Circuit tempered, but did not overrule, *Haga* in *Smith v. Colvin*, 821 F.3d 1264 (10th Cir. 2016).[3] There, the court held that the omission of moderate limitations in the RFC finding is not reversible error if the ALJ sufficiently incorporates the functional limitations of the claimant's moderate nonexertional limitations. *Id.* at 1269. However, the Court finds *Smith* to be distinguishable from the present case, for several reasons.

First, as Ms. Lopez correctly argues, none of the moderate nonexertional impairments at issue in *Smith*, or subsequently in *Nelson*, are at issue here. [*See* Doc. 20, pp. 5-6]. In *Smith*, the moderate limitations at issue were:

- maintain concentration, persistence, and pace,
- remain attentive and keep concentration for extended periods,
- work with others without getting distracted,
- complete a normal workday and workweek without interruption for psychologically based systems,
- perform at a consistent pace without excessive rest periods,
- accept instructions and respond appropriately to criticism by supervisors,
- get along with coworkers or peers without distracting them or engaging in behavioral extremes,
- respond appropriately to changes in the workplace, and
- set realistic goals or independently plan.

*Smith*, 821 F.3d at 1268. Likewise in *Nelson*, the moderate limitation at issue was maintaining attention and concentration for extended periods. *Nelson*, 655 F. App'x at 629. Here, on the other hand, the moderate limitations at issue are the abilities to carry out instructions, the ability to attend and concentrate, and the ability to work without supervision. *AR* at 736-737. Thus, this case is factually distinguishable from *Smith* and *Nelson*.

Second, the ALJ in *Smith* was faced with a mental residual functional capacity form in which the reviewing doctor was to identify moderate limitations in Section I of the form and to apply those limitations in a narrative assessment of the claimant's remaining functional ability

---

[3] In fact, *Haga* is not mentioned in the decision.

(Section III). *Id.* at 1268 n. 1. There was no such form in this case. Rather, Dr. Spies proffered a letter opinion that simply stated the moderate limitations she identified; she did not apply those limitations in a narrative. As such, unlike *Smith*, there was no Section III finding for the ALJ to rely on in formulating Ms. Lopez' RFC. The ALJ was thereby required to account for Ms. Lopez' moderate limitations when determining her RFC. *See Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir. 2015) (unpublished) ("[I]f a consultant's Section III narrative fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability, or if it contradicts limitations marked in Section I, the MRFCA cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding.").

Third, and most importantly, even assuming for the sake of argument that the Commissioner is correct in relying on *Smith* for the proposition that an ALJ can incorporate moderate limitations through limiting a claimant to a particular type of work where there is no Section III finding, *see Nelson v. Colvin*, 655 F. App'x 626, 629 (10th Cir. 2016) (unpublished) ("More to the point, by limiting Ms. Nelson to unskilled work, the ALJ effectively accounted for *all* the limitations noted in Section I of Dr. Taber's evaluation."); *see also Carr v. Comm'r, SSA*, 734 F. App'x 606, 610 (10th Cir. 2018) (unpublished) ("We agree that an ALJ may find and explain how restricting a claimant to unskilled work accounts for their moderate mental limitations when formulating a claimant's RFC."), the Court is not convinced that the ALJ adequately accounted for the moderate limitations identified by Dr. Spies in this case. Although neither party cites it, the Court finds the Tenth Circuit's unpublished decision in *Jaramillo v. Colvin*, 576 F. App'x 870 (10th Cir. 2014), to be directly on point. There, in keeping with *Haga*, the court agreed with the claimant that the ALJ failed to adequately account for the moderate limitations identified by an uncontroverted medical opinion by limiting the claimant's RFC to "simple, routine,

8

repetitive, and unskilled tasks." *Id.* at 874. And, significant to this case, the moderate impairments at issue were those Dr. Spies identified here (carry out instructions, attend and concentrate, and work without supervision). *Id.* at 876; *compare AR* at 736-737. The Tenth Circuit examined "the basic mental demands of competitive, remunerative, unskilled work," finding that, based on SSR 85-15, it requires "the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in routine work settings." *Jaramillo*, 576 F. App'x at 875. The court then applied this definition to the moderate limitations identified, finding that "[n]one of the basic mental abilities of unskilled work described in SSR 85-15 captures any of the three *moderate* limitations Dr. Mellon found[.]" *Id.* at 876 (emphasis in original). Thus, the Court remanded for the Commissioner to "express those impairments in terms of work-related functions or work-related mental activities." *Id.*

While it is unpublished, the Court finds *Jaramillo* very persuasive given its symmetry with the facts of this case. As in *Jaramillo*, here the ALJ attempted to incorporate Dr. Spies' limitations by limiting Ms. Lopez to "simple, routine tasks" and he stated that any time off task could "be accommodated by normal breaks." *AR* at 49. However, none of the basic mental abilities required of unskilled (or, as the ALJ put it here, "simple")[4] work, captures the three moderate limitations identified by Dr. Spies. The second case the Commissioner relies on, *Nelson*, actually confirms this proposition. *See Nelson*, 655 F. App'x at 629. There, the Tenth Circuit affirmed the notion that "[u]nskilled work generally requires only the following: (1) understanding, remembering, and carrying out simple instructions; (2) making judgments that are commensurate with the functions of unskilled work—i.e., simple work-related decisions; (3) responding appropriately to

---

[4] *See Nelson v. Colvin*, 655 F. App'x 626, 628-629 (10th Cir. 2016) (unpublished) (equating simple work with unskilled work).

9

supervision, co-workers and usual work situations; and (4) dealing with changes in a routine work setting." *Id.* (quoting SSR 96-9p) (alterations omitted). Thus, none of the moderate impairments Dr. Spies identified are subsumed within the ALJ's limitation of Ms. Lopez to "simple, routine tasks." *AR* at 49.

The ALJ's failure to properly account for the moderate limitations identified by Dr. Spies renders his RFC finding unsupported by substantial evidence. More importantly, the ALJ's faulty RFC finding was translated to the hypothetical he proffered to the Vocational Expert, *AR* at 87, rendering his Step Five conclusion that Ms. Lopez is able to work unsupported by substantial evidence. *See Carr*, 734 F. App'x at 612 (ALJ's failure to include memory and pace deficits "in the dispositive hypothetical question prevents the VE's testimony from constituting substantial evidence upon which the ALJ could predicate his step-five conclusion that Ms. Carr could transition to other work."). As such, the Court has no choice but to recommend that Ms. Lopez' case be remanded to the Commissioner for a proper step-five evaluation of her non-exertional limitations as found by Dr. Spies. *Id.*

V) **CONCLUSION**

The Commissioner has failed to show how the ALJ's RFC formulation in this case complied with the dictates of *Haga*. Therefore, to the extent that the ALJ on remand continues to place great weight upon Dr. Spies' opinion, he must explain the evidentiary support for his RFC determination if it does not reflect the moderate impairments she noted.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand (*Doc. 20*) be **granted**.

_____
Jerry H. Ritter
U.S. Magistrate Judge

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**